Filed 10/18/23  P. v. Phan CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>THANH TAN PHAN,<br><br>    Defendant and Appellant. | G062225<br><br>(Super. Ct. No. 08WF0487)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Michael J. Cassidy, Judge.  Affirmed.

Kevin D. Sheehy, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Defendant Thanh Tan Phan was convicted of attempted murder. He filed a resentencing petition under Penal Code section 1170.95, which the trial court dismissed.[1] On appeal, Phan's appointed counsel filed a no-issue brief, requesting we exercise our discretion to independently review the record for error under *People v. Delgadillo* (2022) 14 Cal.5th 216. Though Phan has not filed a supplemental brief, we have exercised our discretion to review the record. Finding no arguable issues, we affirm the trial court's postjudgment order.

## I

## FACTS AND PROCEDURAL BACKGROUND

In 2010, Phan was found guilty of attempted murder, aggravated assault with a deadly weapon, and street terrorism based on a gang-related beatdown and stabbing that occurred outside a restaurant. The jury also found true a gang enhancement and a great bodily injury enhancement. Phan was sentenced to a determinate term of 14 years plus an indeterminate term of 15 years to life.

In October 2022, Phan filed a resentencing petition under section 1172.6. The court appointed a public defender to represent him. It held a prima facie hearing on the petition in January 2023.

Following the hearing, the court concluded Phan was ineligible for relief as a matter of law and denied the petition. The court explained the jury was not instructed "as to the natural and probable consequences doctrine . . . . The jury instructions contained do not reference natural and probable consequences or any other theory of vicarious liability that could have improperly imputed the intent to kill based on petitioner's participation in another offense. . . . The jury's guilty verdict thus

[1] All further undesignated statutory references are to the Penal Code. The Legislature renumbered former section 1170.95 to now section 1172.6 without substantive change, effective June 30, 2022 (Stats. 2022, ch. 58, § 10).

necessarily establishes that it found petitioner acted with specific intent to kill when he committed the attempted murder. As such, he would still be guilty of attempted murder under the current version of . . . § 188 and is ineligible for relief under . . . § 1172.6."

Phan filed a notice of appeal. His appointed counsel filed an opening brief raising no arguable issues. Counsel submitted a declaration stating, "I have been unable to identify any reasonably arguable issues to raise in the appeal. At my request, a staff attorney at Appellate Defenders, Inc., has also reviewed the entire record on appeal as augmented."

In April 2023, this Court issued an order granting Phan 30 days to file a supplemental brief. The order stated Phan's appeal could be dismissed if he failed to file a brief. Phan did not file anything in response.

II

DISCUSSION

To prove attempted murder, the prosecution must establish the defendant acted with specific intent to kill. (*People v. Mariscal* (2020) 47 Cal.App.5th 129, 137.) Thus, a direct perpetrator cannot be found guilty of attempted murder under a natural and probable consequences theory. Prior to 2019, though, aiders and abettors could be found guilty of attempted murder under a natural and probable consequences theory even if they lacked specific intent to kill. (*People v. Sanchez* (2022) 75 Cal.App.5th 191, 193-194, 196.) The direct perpetrator's "'intent to kill' was imputed" onto the aider and abettor if the "attempted murder was a natural and probable consequence of [the aider and abettor's] intent to participate in the target offense." (*People v. Montes* (2021) 71 Cal.App.5th 1001, 1007-1008.)

However, "[e]ffective January 1, 2019, the Legislature passed Senate Bill 1437 'to amend the . . . natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual

3

killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.] In addition to substantively amending sections 188 and 189 of the Penal Code, Senate Bill 1437 added section 1170.95 [(now section 1172.6)], which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959.) The Legislature later amended section 1170.95 to clarify that persons convicted of attempted murder under a natural and probable consequences theory are also eligible for relief. (*People v. Whitson* (2022) 79 Cal.App.5th 22, 30.)

The trial court reviews a section 1172.6 petition to determine whether the petitioner has made a prima facie case. "If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*People v. Strong* (2022) 13 Cal.5th 698, 708.)

"On an appeal from the denial of a section 1172.6 petition, . . . [if] appointed counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*People v. Delgadillo* (2022) 14 Cal.5th 216, 231–232.) "If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id*. at p. 232.) If no supplemental brief is filed, as is the case here, the appellate court has discretion to dismiss the appeal or conduct an independent review of the record. (*Ibid*.)

In the interests of justice, we exercise our discretion to review the record. Based on our review, we agree with Phan's counsel that there are no arguable issues. As

the trial court found, it is evident from the jury instructions and verdict forms that the jury convicted Phan as the actual attempted murderer and not under a natural and probable consequences theory.  The jury instructions do not mention the natural and probable consequences theory or any other theory that would have allowed the jury to impute an intent to kill on Phan based on his participation in another offense.  Likewise, the verdict forms show the jury found Phan acted with intent to kill in committing the attempted murder.  Specifically, the jury found he committed attempted murder with deliberation and premeditation.  To reach this conclusion, it had to find that Phan (1) "intended to kill when [he] acted," (2) "weighed the considerations for and against [his] choice and . . . decided to kill," and (3) "decided to kill before acting."  Thus, the record conclusively establishes Phan is ineligible for relief under section 1172.6.

III

DISPOSITION

The court's postjudgment order is affirmed.


MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


SANCHEZ, J.

5